NO. 07-12-00140-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 22, 2012

_____

LUCAS BERMEA CONSTANCIO, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B-18420-1005; HONORABLE EDWARD LEE SELF, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

On November 1, 2010, appellant, Lucas Bermea Constancio, was convicted of the offense of driving while intoxicated, and sentenced to incarceration in the Texas Department of Criminal Justice, Institutional Division, for a period of fifteen years. On April 12, 2012, appellant filed his notice of appeal with the trial court. We dismiss for want of jurisdiction.

To be timely, a notice of appeal must be filed within thirty days after sentence is imposed or suspended in open court or within ninety days after that date if a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a). Therefore, appellant's notice of appeal

was due on December 1, 2010. Because appellant's notice of appeal was filed 499 days after it was due, this Court is without jurisdiction over this appeal. See Olivo v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). Because this Court is without jurisdiction to address the merits of this appeal, we have no authority to take any action other than to dismiss the appeal. See Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); Olivo, 918 S.W.2d at 523.

By letter dated April 18, 2012, this Court notified appellant that it appeared that his notice of appeal was untimely filed and failed to invoke this Court's jurisdiction, and directed him to file a response with the Court, by May 18, explaining how this Court has jurisdiction over the appeal.[1] In response, appellant filed a document entitled "Grounds for Notice of Appeal," which evinces that appellant's response intends to challenge the merits of his conviction rather than address this Court's jurisdiction over this appeal.

As such, we now dismiss the purported appeal for want of jurisdiction.[2]

Mackey K. Hancock<br>Justice

Do not publish.

---

[1] This correspondence further notified appellant that the trial court's certification of defendant's right of appeal indicates that this case is a plea-bargained case and appellant has no right of appeal. We notified appellant that the appeal is subject to dismissal based on this certification unless the Court receives an amended certification providing that appellant has the right of appeal or other grounds for continuing the appeal. See TEX. R. APP. P. 25.2. We have received no amended certification of defendant's right of appeal.

[2] Appellant may have recourse by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal. See TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2007).